THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| Trevor Wiggins, | : | Case No. 23-11753 (MDC) |
| | : | |
| Debtor. | : | |
| | : | |

**STIPULATION RESOLVING MOTION OF POLICE AND FIRE FEDERAL CREDIT UNION FOR RELIEF FROM THE AUTOMATIC STAY TO EXERCISE RIGHTS WITH RESPECT TO 7634 RUGBY ST., PHILADELPHIA, PA 19150 AND REQUEST FOR ADEQUATE PROTECTION OF ITS INTERESTS IN DEBTOR'S VEHICLE**

WHEREAS, on June 15, 2023 (the "Petition Date"), Trevor Wiggins (the "Debtor") filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania;

WHEREAS, prior to the Petition Date, the Debtor obtained from the Police and Fire Federal Credit Union ("PFFCU") a mortgage in the original amount of $33,000 which is secured by a first lien on real property located at 7634 Rugby St., Philadelphia Pa. 19150 (the "Property");

WHEREAS, as of the Petition Date, the Debtor was in arrears to PFFCU on account of his mortgage obligations for 2 months, in the total amount of $593.82, representing two monthly payments of $282.77 each, plus late fees of $28.28;

WHEREAS, prior to the Petition Date, the Debtor obtained from PFFCU motor vehicle financing in the original amount of $24,549.34, which is secured by the Debtor's 2017 Dodge Durango, VIN#1C4RDJDG9HC748605 (the "Vehicle");

WHEREAS, as of the Petition Date, the Debtor was in arrears to PFFCU on account of his motor vehicle financing obligations for 1 months, in the total amount of $353.82;

123469826-1

WHEREAS, due to the Debtor's failure to make post-petition payments to PFFCU, PFFCU moved for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to exercise its rights with respect to lien on the Property;

WHEREAS, due to confirmation of the Debtor's Chapter 13 plan being continued and subject to objection and the depreciation in value of the Vehicle while PFFCU awaits post-petition payment under the Debtor's Chapter 13 plan, in its motion for relief from the automatic stay, PFFCU also requested adequate protection payments to protect its interests in the Vehicle while it awaits confirmation of a plan in this case;

WHEREAS, to avoid the costs of litigation the Parties have agreed to resolve the issues between them.

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed as follows:

1.     In addition to making all post-petition payments as they come due beginning November 1, 2023, to protect PFFCU's interests in the Property, the parties agree that, with each of his monthly payments that are due for the months of November 2023 through January 2024, the Debtor shall pay to PFFCU an additional amount of $296.91, which amount shall be applied toward the satisfaction of the Debtor's post-petition arrears.

2.     PFFCU shall also receive preconfirmation disbursements in the amount of $100.00 per month, retroactive to the Petition Date, from the payments made by the Debtor to the Chapter 13 trustee, which payments shall be applied by PFFCU to reduce the amount owed by the Debtor on the motor vehicle financing. Upon confirmation of a Chapter 13 plan in this case, PFFCU shall receive payments toward the motor vehicle financing as provided in the confirmed plan.

3. Should the Debtor fail to comply with any of the terms of this Stipulation, counsel for PFFCU may serve counsel to the Debtor with a notice of default and Debtor shall have ten (10) days from the receipt thereof to cure the default in full or PFFCU may, without further notice, file a Certification of Default with the Court. The Debtor shall not oppose such Certification other than on the basis that the default has been cured prior to the Certification having been filed. Upon entry of the Certification of Default, the Court shall enter an order granting relief from the automatic stay as to the Property and/or Vehicle as the case may be.

4. Each of the signatories to this Stipulation acknowledges and represents that his or its respective client has reviewed this Stipulation and has authorized the execution of same by his or its undersigned counsel.

5. If the instant bankruptcy case is terminated by either dismissal, conversion or discharge, this Stipulation shall be null and void and not binding upon the Parties and the Parties shall be returned to their respective positions prior to the execution of this Stipulation.

6. This Stipulation may be executed by facsimile and/or e-mail and such facsimile and/or e-mail signatures shall be deemed original.

7. Notwithstanding the foregoing, nothing herein shall constitute an admission by PFFCU that it is adequately protected and PFFCU reserves all rights with respect to the issue of adequate protection.

REMAINDER OF PAGE INTENTIONALLY BLANK

123469826-1

CONSENTED TO BY:

                                        DILWORTH PAXSON LLP

DATED:  November 13, 2023        */s/ Anne M. Aaronson*
                                        Anne M. Aaronson, Esquire
                                        *Attorney for PFFCU*

CONSENTED TO BY:

DATED: November 13, 2023         */s/ David Offen*
                                        David Offen, Esquire
                                        *Attorney for Debtor*

NO OBJECTION:  Without Prejudice to Any Trustee Rights or Remedies

DATED: November 11, 2023        /s/   LeeAne O. Huggins
                                        *Chapter 13 Trustee*

SO ORDERED:

ENTERED ON:  November 14th, 2023

                                        The Honorable Magdeline D. Coleman
                                        United States Bankruptcy Judge

123469826-1