United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                                                                          Case No. 23-11753-mdc

Trevor L. Wiggins                                                                    Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: admin | Page 1 of 2 |
| --- | --- | --- |
| Date Rcvd: Nov 14, 2023 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
| --- | --- |
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 16, 2023:**

| Recip ID | Recipient Name and Address |
| --- | --- |
| db | + Trevor L. Wiggins, 7634 Rugby Street, Philadelphia, PA 19150-2610 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 16, 2023                          Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 14, 2023 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| ALYK L OFLAZIAN | on behalf of Creditor PNC BANK  NATIONAL ASSOCIATION amps@manleydeas.com |
| ANNE M. AARONSON | on behalf of Creditor POLICE AND FIRE FEDERAL CREDIT UNION aaaronson@dilworthlaw.com mdolan@dilworthlaw.com;ctomlin@dilworthlaw.com |
| DAVID M. OFFEN | on behalf of Debtor Trevor L. Wiggins dmo160west@gmail.com  davidoffenecf@gmail.com;offendr83598@notify.bestcase.com |
| DENISE ELIZABETH CARLON | on behalf of Creditor PNC BANK  NATIONAL ASSOCIATION bkgroup@kmllawgroup.com |
| HOWARD GERSHMAN | on behalf of Creditor Transit Workers Federal Credit Union hg229ecf@gmail.com  229ecf@glpoc.comcastbiz.net |
| KENNETH E. WEST | |

ecfemails@ph13trustee.com  philaecf@gmail.com

MARK A. CRONIN
     on behalf of Creditor PNC BANK  NATIONAL ASSOCIATION bkgroup@kmllawgroup.com

PAMELA ELCHERT THURMOND
     on behalf of Water Revenue Bureau c/o City of Philadelphia Law Department Tax & Revenue Unit Bankruptcy Group  MSB 1401
     John F Kennedy Blvd., 5th Floor Philadelphia, PA 19102-1595 pamela.thurmond@phila.gov, edelyne.jean-baptiste@phila.gov

PAMELA ELCHERT THURMOND
     on behalf of Creditor CITY OF PHILADELPHIA pamela.thurmond@phila.gov  edelyne.jean-baptiste@phila.gov

United States Trustee
     USTPRegion03.PH.ECF@usdoj.gov


TOTAL: 10

**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| Trevor Wiggins, | : | Case No. 23-11753 (MDC) |
| | : | |
| Debtor. | : | |
| | : | |

**STIPULATION RESOLVING MOTION OF POLICE AND FIRE FEDERAL CREDIT
UNION FOR RELIEF FROM THE AUTOMATIC STAY TO EXERCISE RIGHTS
WITH RESPECT TO 7634 RUGBY ST., PHILADELPHIA, PA 19150 AND REQUEST
FOR ADEQUATE PROTECTION OF ITS INTERESTS IN DEBTOR'S VEHICLE**

WHEREAS, on June 15, 2023 (the "Petition Date"), Trevor Wiggins (the "Debtor") filed

a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for

the Eastern District of Pennsylvania;

WHEREAS, prior to the Petition Date, the Debtor obtained from the Police and Fire

Federal Credit Union ("PFFCU") a mortgage in the original amount of $33,000 which is secured

by a first lien on real property located at 7634 Rugby St., Philadelphia Pa. 19150 (the

"Property");

WHEREAS, as of the Petition Date, the Debtor was in arrears to PFFCU on account of

his mortgage obligations for 2 months, in the total amount of $593.82, representing two monthly

payments of $282.77 each, plus late fees of $28.28;

WHEREAS, prior to the Petition Date, the Debtor obtained from PFFCU motor vehicle

financing in the original amount of $24,549.34, which is secured by the Debtor's 2017 Dodge

Durango, VIN#1C4RDJDG9HC748605 (the "Vehicle");

WHEREAS, as of the Petition Date, the Debtor was in arrears to PFFCU on account of

his motor vehicle financing obligations for 1 months, in the total amount of $353.82;

123469826-1

WHEREAS, due to the Debtor's failure to make post-petition payments to PFFCU, PFFCU moved for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to exercise its rights with respect to lien on the Property;

WHEREAS, due to confirmation of the Debtor's Chapter 13 plan being continued and subject to objection and the depreciation in value of the Vehicle while PFFCU awaits post-petition payment under the Debtor's Chapter 13 plan, in its motion for relief from the automatic stay, PFFCU also requested adequate protection payments to protect its interests in the Vehicle while it awaits confirmation of a plan in this case;

WHEREAS, to avoid the costs of litigation the Parties have agreed to resolve the issues between them.

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed as follows:

1.      In addition to making all post-petition payments as they come due beginning November 1, 2023, to protect PFFCU's interests in the Property, the parties agree that, with each of his monthly payments that are due for the months of November 2023 through January 2024, the Debtor shall pay to PFFCU an additional amount of $296.91, which amount shall be applied toward the satisfaction of the Debtor's post-petition arrears.

2.      PFFCU shall also receive preconfirmation disbursements in the amount of $100.00 per month, retroactive to the Petition Date, from the payments made by the Debtor to the Chapter 13 trustee, which payments shall be applied by PFFCU to reduce the amount owed by the Debtor on the motor vehicle financing.  Upon confirmation of a Chapter 13 plan in this case, PFFCU shall receive payments toward the motor vehicle financing as provided in the confirmed plan.

2

123469826-1

3.      Should the Debtor fail to comply with any of the terms of this Stipulation, counsel for PFFCU may serve counsel to the Debtor with a notice of default and Debtor shall have ten (10) days from the receipt thereof to cure the default in full or PFFCU may, without further notice, file a Certification of Default with the Court.  The Debtor shall not oppose such Certification other than on the basis that the default has been cured prior to the Certification having been filed. Upon entry of the Certification of Default, the Court shall enter an order granting relief from the automatic stay as to the Property and/or Vehicle as the case may be.

4.      Each of the signatories to this Stipulation acknowledges and represents that his or its respective client has reviewed this Stipulation and has authorized the execution of same by his or its undersigned counsel.

5.      If the instant bankruptcy case is terminated by either dismissal, conversion or discharge, this Stipulation shall be null and void and not binding upon the Parties and the Parties shall be returned to their respective positions prior to the execution of this Stipulation.

6.      This Stipulation may be executed by facsimile and/or e-mail and such facsimile and/or e-mail signatures shall be deemed original.

7.      Notwithstanding the foregoing, nothing herein shall constitute an admission by PFFCU that it is adequately protected and PFFCU reserves all rights with respect to the issue of adequate protection.

REMAINDER OF PAGE INTENTIONALLY BLANK

CONSENTED TO BY:

DILWORTH PAXSON LLP

DATED:  November 13, 2023          /s/ Anne M. Aaronson
                                   Anne M. Aaronson, Esquire
                                   Attorney for PFFCU

CONSENTED TO BY:

DATED: November 13, 2023           /s/ David Offen
                                   David Offen, Esquire
                                   Attorney for Debtor

NO OBJECTION:  Without Prejudice to Any Trustee Rights or Remedies

DATED: November 11, 2023           /s/   LeeAne O. Huggins

                                   Chapter 13 Trustee

SO ORDERED:

ENTERED ON:  November 14th, 2023

                                   The Honorable Magdeline D. Coleman
                                   United States Bankruptcy Judge

4

123469826-1